**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD GUTIANEZ,

Petitioner - Appellant,

v.

DAVID PARKER, Warden,

Respondent - Appellee.

No. 06-6311

W.D. Oklahoma

(D.C. No. CIV-06-671-T)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPLICATION**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Richard Gutianez, a state inmate appearing *pro se*,[1] petitioned for a writ of

habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition

as untimely. Gutianez filed a notice of appeal with the district court, which we

---

[1] We liberally construe Gutianez's *pro se* pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

construe as an application for a Certificate of Appealability (COA). *See* Fed. R. App. P. 22(b)(1). Because the court did not grant or deny a COA within thirty days, we deem it denied. *See* 10th Cir. R. 22.1(C). Gutianez renews his application for a COA and seeks leave to proceed *in forma pauperis* (*ifp*) in this Court.[2] Since Gutianez has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his application. We also deny his request to proceed *ifp*.

## I. Background

Gutianez pled guilty to first degree burglary, possession of a controlled dangerous substance, and domestic abuse assault and battery. Judgment was entered on September 21, 2004. Gutianez did not file a direct appeal. On January 13, 2005, Gutianez filed a petition for post-conviction relief in state court. It was denied and later affirmed by the Oklahoma Court of Criminal Appeals. On June 21, 2006, Gutianez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge recommended the petition be dismissed as untimely. Applying Rule 4.2 of the Rules of the Oklahoma Court of Criminal Appeals, the magistrate concluded Gutianez's convictions became final on October 1, 2004. Therefore, he found Gutianez had until October 1, 2005, to file his § 2254 petition. The magistrate judge determined the petition was untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C.

_____

[2]Gutianez did not seek leave to proceed *ifp* in the district court.

§ 2244(d)(1). Although Gutianez had filed a state post-conviction relief petition, the magistrate judge concluded such petition did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2) because it was not filed until after the limitations period had already expired. The magistrate also found Gutianez was not entitled to equitable tolling. Over Gutianez's objections, the district court adopted the magistrate's recommendation.

## II. Analysis

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Gutianez makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed his habeas petition on procedural grounds, Gutianez must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Gutianez argues the district court's application of the AEDPA in this case violated the separation of powers doctrine and the limitations period should be equitably tolled because he is actually innocent.[3]

A. Separation of Powers

Gutianez argues the district court violated the constitutional separation of powers doctrine by applying the provisions of the AEDPA to limit his ability to file for state post-conviction relief when the State of Oklahoma does not have a limitations period for filing.[4] Gutianez objected to the magistrate judge's report and recommendation but not on this basis.

Generally, by failing to raise an objection to the report and recommendation, the party waives the issue on appeal. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001)

---

[3] Gutianez's underlying claims on the merits allege several violations of the constitutions of the United States and the State of Oklahoma.

[4] We need not determine whether Oklahoma imposes a limitations period for filing post conviction relief motions to resolve Gutianez's claim. Even if it has no such period, we find the claim waived.

(failure to object to specific issue in magistrate judge's report and recommendation waived the issue on appeal); *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (same). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez*, 418 F.3d at 119.

The first exception does not apply here. The magistrate judge's report and recommendation clearly explained Gutianez would waive appellate review of objections not raised before July 31, 2006. *See id.*

The second exception requires us to determine whether the "interests of justice" permit us to hear Gutianez's separation of powers claim. Although the "interests of justice" test is an "elusive concept," we have noted the analysis is essentially a plain error analysis. *Id.* at 1119-20, 1122 ("We find the reasoning of the circuits that apply a plain error standard to []a pro se litigant's failure to object to a magistrate's reports persuasive."). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122-23 (quotations omitted).

Gutianez explains his "separation of powers" claim by stating the district court "us[ed] the AEDPA to create a State statutory time limitation for filing a State post-conviction application." (Appellant's Br. at 7.) The substance of

Gutianez's contention that the application of AEDPA to bar his federal habeas petition when he is still eligible for state post conviction relief is essentially a federalism argument; that is, Gutianez is claiming the district court improperly usurped the powers of the state when it applied the AEDPA. *See* Erwin Chemerinsky, Constitutional Law: Principles and Policies 3, 38-39 (2d ed. 2002); John E. Nowak & Ronald D. Rotunda, Constitutional Law § 3.5 (6th ed. 1995). The term "separation of powers" is a misnomer in this context.

But the district court did not, as Gutianez claims, apply the AEDPA to limit the time for filing *state* post-conviction relief motions; rather, the court dismissed Gutianez's *federal* habeas petition as untimely under the AEDPA. Also, the AEDPA's statute of limitations provision, by its own terms, applies *only* to federal habeas petitions. 28 U.S.C.A. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Because it applies only to federal habeas relief, and not state post-conviction relief, Congress did not usurp state prerogatives.

Because there was no error, the first step of the plain error test is not satisfied. Not only is Gutianez's separation of powers argument incorrect, it was waived.

B. Actual Innocence

In certain circumstances, the AEDPA's limitations period may be equitably tolled. "AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001) (quotations omitted). A "rare and exceptional circumstance[]" exists when the petitioner is actually innocent. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

To equitably toll the AEDPA statute of limitations, however, claims of actual innocence must be diligently pursued. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Gibson*, 232 F.3d at 808. Assuming Gutianez has made a credible claim of actual innocence (a dubious proposition), he has not diligently pursued his claims given his extended delay in filing any motions for relief: Gutianez waited more than eight months *after* the one-year statue of limitations had expired before he filed for federal relief and he waited more than three months *after* the federal statute of limitations expired before he filed a state motion for post conviction relief. Because Gutianez fails to address the thorough and well-reasoned portion of the district court's opinion concluding he did not diligently pursue his claims, he has not made the requisite substantial showing of a denial of a constitutional right.

We **DENY** Gutianez's request for a COA and **DISMISS** the application. Because Gutianez has not shown "the existence of a reasoned, nonfrivolous

-7-

argument on the law and facts in support of the issues raised on appeal," his motion to proceed *ifp* on appeal is **DENIED**.  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  He is directed to remit the full amount of the filing fee within twenty days from the date of this order.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge