**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND DUANE SANCHEZ,

Defendant - Appellant.

No. 06-8039

(D. Wyo.)

(D.C. No. 05-CR-239-B)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Background

Pursuant to a plea agreement, Raymond Sanchez pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing, the district court applied the Armed Career Criminal Act's (ACCA) fifteen year mandatory minimum sentence, 18 U.S.C. § 924(e), and Sanchez did not object. On appeal, Sanchez contends for the first time one of the convictions used to support his sentence was not a crime of violence under the ACCA. We affirm.

## Analysis

Because Sanchez did not lodge this specific objection in the district court, we review for plain error. *See United States v. Traxler*, 477 F.3d 1243, 1248 (10th Cir. 2007).[1] "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

When a felon is found to be in possession of a firearm under 18 U.S.C. § 992(g), the ACCA requires a mandatory minimum fifteen year sentence if the felon was previously convicted of three violent felonies. *See* 18 U.S.C. § 924(e)(1). The district court determined Sanchez's criminal history included the requisite number of violent felonies for the mandatory minimum sentence to apply. Sanchez challenges the use of a 1982 conviction in the state of Wyoming for second degree sexual assault as one of the violent felonies. He contends the

---

[1] Sanchez raised a different objection to the pre-sentence report, which he later withdrew.

statute defining the offense does not meet the standard of a "violent felony"

articulated in the federal statute. A violent felony is defined as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B).

The 1982 version of the Wyoming statutes, under which Sanchez was

convicted, prescribes the offense of second degree sexual assault as:

> Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree . . . [t]he actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit . . . .

Wyo. Stat. Ann. § 6-4-303 (1982).

Sanchez devotes his brief to demonstrating this offense does not "ha[ve] as

an element the use, attempted use, or threatened use of physical force against the

person of another," as mentioned in 18 U.S.C. § 924(e)(2)(B)(i). While Sanchez

is correct the use of force is not an *explicit* element of the Wyoming sexual

assault statute, he ignores the second category of violent felonies described in

subsection (ii) of the federal statute. Under that subsection, a felony can still be

classified as violent if it "involves conduct that presents a serious potential risk of physical injury to another . . ." 18 U.S.C. § 924(e)(2)(B)(ii).

Our decision in *United States v. Rowland* leads us to conclude the conduct defined by the Wyoming statute presents such a risk. 357 F.3d 1193 (10th Cir. 2004). In *Rowland*, the defendant challenged the district court's determination that a sexual battery conviction qualified as a violent crime. The state statute criminalized "the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that person*." Id.* at 1195 (quoting Okla. Stat. Ann. tit. 21, § 1123(B)). The federal sentencing guideline at issue in *Rowland* similarly defined a "crime of violence" as an offense "involv[ing] conduct that presents a serious potential risk of physical injury to another." *Id.* at 1195 (quoting USSG §4B1.2(a)(2)). The defendant contended, since even the mere nonconsensual touching of an arm or a leg in a lewd and lascivious manner would violate the statute, the statute did not necessarily proscribe conduct which would present a serious potential risk of physical injury. *Id.* at 1196. Although we recognized the crime of sexual battery could be committed without imposing a physical injury upon the victim, we nevertheless held "[t]he serious risk of bodily injury is a constant in cases involving sexual battery." *Id.* at 1198.[2] *Rowland*

_____

[2] Our analysis is bolstered by a recent Supreme Court case which clarified that the probability of the risk materializing into an actual injury need not be very high. *James v. United States*, -- U.S. --, 127 S.Ct. 1586, 1597 (2007) ("[Section]

-4-

forecloses Sanchez's argument that his sexual assault conviction – one which required "sexual intrusion" – did not present a serious potential risk of physical injury to the victim.

We discern no error, let alone plain error.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

924(e)(2)(B)(ii)'s residual provision speaks in terms of a 'potential risk.' These are inherently probabilistic concepts. Indeed, the combination of the two terms suggests that Congress intended to encompass possibilities even more contingent or remote than a simple 'risk,' much less a certainty.") (footnote omitted).