**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GERMAN CALDERON-RODRIGUEZ,

     Petitioner-Appellant,

v.

RAY TERRY, Warden of Otero County
Processing Center, in his official
capacity,

     Respondent-Appellee.

No. 13-2107
(D.C. No. 2:12-CV-00691-JB-ACT)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

German Calderon-Rodriguez, a native and citizen of Mexico, seeks a

certificate of appealability (COA) to appeal from the district court's order dismissing

his habeas petition. We deny a COA and dismiss this appeal.

**BACKGROUND**

Calderon-Rodriguez was admitted to the United States as a lawful permanent

resident in 2003. By 2012, he had garnered state-court convictions for

---

[*]    This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"Assault - Family," R. at 31, and aggravated assault with a deadly weapon. The Department of Homeland Security (DHS) detained Calderon-Rodriguez and initiated removal proceedings.

In response, Calderon-Rodriguez filed in federal district court a pro se "Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus & 2254, or May Be Construed as a Writ of Coram Nobis if Appropriate." *Id.* at 4. The petition listed four grounds for relief: (1) deportation proceedings against him should be stayed because pro se alien detainees lack sufficient time to attack a criminal conviction; (2) "the state court judge [in the aggravated-assault case] denied him an indigent appointed counsel . . . but only appointed an ad litem to assist him in finding a private lawyer," *id.* at 8; (3) his ad litem attorney, who was in fact later appointed as defense counsel, provided ineffective assistance regarding the immigration consequences of pleading no contest to aggravated assault; and (4) if DHS deports him before he appeals his aggravated-assault conviction, his case would be moot. The government answered and moved to dismiss. Calderon-Rodriguez then filed a reply and two more habeas petitions, each adding new grounds for relief. He also indicated that he was subject to a final order of removal and that he intended to appeal to the Board of Immigration Appeals (BIA).

The district court granted the government's motion to dismiss. In doing so, it found that the new grounds were untimely and had been asserted without the government's consent or without leave of court in violation of Fed. R. Civ. P.

15(a)(1) & (2). As for the grounds in the original petition, the court found that they failed because Calderon-Rodriguez was attempting to challenge his removal (grounds one and four)—a challenge beyond the court's jurisdiction, and he had failed to exhaust his state remedies (grounds two and three).

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act, a COA is a prerequisite to appealing the denial of habeas relief under either § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).[1] To obtain a COA, Calderon-Rodriguez must "show[ ] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (brackets and internal quotation marks omitted).

In grounds one and four, Calderon-Rodriguez sought habeas relief to block his removal. But under 8 U.S.C. § 1252(a)(5), "a petition for review filed with an

---

[1] A COA is not required for a coram nobis appeal. *See United States v. Torres*, 282 F.3d 1241, 1247 n.9 (10th Cir. 2002); *accord United States v. Kwan*, 407 F.3d 1005, 1010 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010); *United States v. Baptiste*, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam). Nevertheless, Calderon-Rodriguez appears to seek coram nobis relief from the Texas aggravated-assault conviction. "[F]ederal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (internal quotation marks omitted). Thus, the district court properly dismissed Calderon-Rodriguez's petition insofar as it sought coram nobis relief.

- 3 -

appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." A petition under "section 2241 of Title 28, or any other habeas corpus provision" is not the proper vehicle to challenge an alien's removal. *Id.* Although an alien may use § 2241 to challenge his detention, *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008), Calderon-Rodriguez appears to be contesting only his removal. And although a district court may transfer to this court a habeas petition that contests removal, *see Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162-63 (10th Cir. 2004), Calderon-Rodriguez had apparently not exhausted his administrative remedies by appealing to the BIA before the district court dismissed his petition, *see Soberanes v. Comfort*, 388 F.3d 1305, 1308-09 (10th Cir. 2004) ("Neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review."). Thus, the district court's determination that it lacked jurisdiction over grounds one and four was correct.

In grounds two and three, Calderon-Rodriguez complained that he had been denied counsel in the aggravated-assault proceeding and then not told of the immigration consequences of pleading no contest. A § 2254 petition is the proper vehicle for asserting such complaints. *See Montez*, 208 F.3d at 865 (explaining that § 2254 is the proper vehicle for a challenge to the validity of a conviction and sentence whereas § 2241 is the proper vehicle for "an attack on the execution of [a] sentence").

- 4 -

"Generally speaking, we may not review a claim for federal habeas relief unless the applicant has exhausted the remedies available in the courts of the State." *DeRosa v. Workman*, 679 F.3d 1196, 1208 (10th Cir. 2012) (internal quotation marks omitted). In his petition, Calderon-Rodriguez admits that he did not exhaust the available state-court remedies. And while a state may, through counsel, waive the exhaustion requirement, *see id.*, there is no indication that that has occurred here. Consequently, grounds two and three are, as the district court determined, barred for failure to exhaust.

Calderon-Rodriguez does not address the district court's reasons for dismissing the original petition. Instead, he argues that the district court should have construed his second and third petitions as "separate petition[s]" rather than as attempts to amend the original petition. Aplt. Br. at 3. But the second and third petitions targeted the same removal proceedings as the original petition. As the district court noted, the second and third petitions were untimely, as they were filed more than twenty-one days after the government's combined answer and motion to dismiss, *see* Fed. R. Civ. P. 15(a)(1), and Calderon-Rodriguez sought neither the government's consent for a late filing or leave of court, *see* Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Calderon-Rodriguez has failed to demonstrate that any of the district court's determinations were debatable or that the issues presented deserve further treatment. Accordingly, we deny his application for a COA, and we dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk