FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND DUANE SANCHEZ,

Defendant - Appellant.

No. 13-8088
(D.C. No. 2:05-CR-00239-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On September 23, 2013, Appellant Raymond Duane Sanchez filed a *pro se* pleading styled "Petition for Redress of Grievance." Relying on *Alleyne v. United*

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*States*, 133 S. Ct. 2151 (2013), Sanchez collaterally challenged the mandatory minimum sentence he received for violating 18 U.S.C. § 922(g)(1).[1]  *But see In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (holding *Alleyne* does not apply retroactively to cases on collateral review).  The district court concluded Sanchez's claim must be brought in a motion filed pursuant to 28 U.S.C. § 2255 because it implicated the validity of his sentence.  *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." (quotation omitted)).  The court, however, declined to recharacterize Sanchez's petition as a motion filed pursuant to § 2255, in part, because it would likely be barred by the one-year statute of limitations.  28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions).

The district court concluded there was no jurisdictional basis for Sanchez's petition other than § 2255 and denied it for that reason.  The court, however, then proceeded to examine Sanchez's *Alleyne* claim and concluded it lacked merit.  It relied on this conclusion as an alternate basis to deny the petition.

---

[1]Sanchez pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and received a 180-month term of incarceration because he qualified as an armed career criminal.  *See* 18 U.S.C. § 924(e)(1).  In his direct appeal, he argued one of the prior convictions used to support the application of the Armed Career Criminal Act was not a crime of violence.  *United States v. Sanchez*, 226 F. App'x 852, 853 (10th Cir. 2007).  This court considered the argument but affirmed Sanchez's sentence.  *Id*. at 854.

On appeal, Sanchez challenges the denial of his petition, arguing the district court erred by recharacterizing it as a § 2255 motion and, alternatively, that the jurisdictional basis of his petition lies in the Petition Clause of the First Amendment.[2]  On his first point, Sanchez is simply incorrect.  The district court specifically refused to recharacterize his motion as one brought pursuant to 28 U.S.C. § 2255.  Because Sanchez's conviction became final many years before he filed the instant petition, the claim he seeks to raise would likely be untimely under 28 U.S.C. § 2255(f).  Thus, the district court's decision to not recharacterize the petition was not an abuse of discretion.  *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding district court did not err by refusing to recharacterize defendant's motion as one pursuant to 28 U.S.C. § 2255 because "such a motion would, at least facially, be barred as untimely" (quotation omitted)).

As to Sanchez's second argument, this court reviews jurisdictional issues *de novo*.  *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).  It is well-settled that "[t]he exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (quotation omitted).  Thus, Sanchez's assertion that jurisdiction over his petition arises under the Petition Clause of the First Amendment can be

---

[2]Sanchez's request to proceed *in forma pauperis* on appeal is **granted**.

-3-

quickly rejected. The AEDPA provides a prisoner with a reasonably adequate opportunity to pursue a post-conviction challenge to his conviction or sentence and, thus, does not violate the First Amendment's right of access to the courts. *Hill v. Dailey*, 557 F.3d 437, 439 (10th Cir. 2009). Because of the jurisdictional limitation imposed by the AEDPA, a federal prisoner must use § 2255 to collaterally attack his conviction or sentence unless he can show that § 2255 is either inadequate or ineffective. *Id*. at 439-40; *see also Sines v. Wilner*, 609 F.3d 1070, 1073-74 (10th Cir. 2010) (discussing the circumstances under which § 2255 could be inadequate or ineffective). Because Sanchez has failed to show that § 2255 is inadequate or ineffective, the district court did not err in concluding it lacked jurisdiction to consider his Petition for Redress of Grievance.

Although we **affirm** the district court's jurisdictional ruling, we conclude the district court erred by addressing Sanchez's claims on the merits and denying his petition with prejudice on that alternative basis. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.").

Accordingly, we **remand** the matter to the district court with instructions to **vacate** its order dated October 21, 2013, denying Sanchez's petition and enter a new order dismissing Sanchez's petition without prejudice.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge