**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ONG VUE,

     Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Interim Director of
Oklahoma Department of Corrections,

     Respondent - Appellee.

No. 16-6293
(D.C. No. 5:16-CV-00926-HE)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

---

Ong Vue, an Oklahoma state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his habeas corpus petition.[1]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Vue filed a "Petition for Writ of Habeas Corpus under [28] U.S.C. § 2241," which the district court correctly construed as a § 2254 petition. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). In his habeas petition, Mr. Vue asserted that (1) he was not advised of his rights under the Vienna Convention on Consular Relations and those rights were violated during an interrogation, and (2) he was not advised of the deportation consequences of his plea agreement. These arguments go to the validity of his conviction and sentence, not the execution of his sentence. On appeal, Mr. Vue also challenges the calculation of his sentence. However, he did not raise this issue before the district court and we decline to consider it for the first time on appeal. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

Mr. Vue also seeks cancellation of a removal order issued by an immigration judge in 1999. We deny both requests and dismiss this matter.

In 1998, Mr. Vue entered a plea of no contest in Oklahoma state court to one count of murder in the first degree and two counts of shooting with intent to kill. On June 1, 1998, Mr. Vue was formally sentenced to life imprisonment for the murder conviction and two 20-year terms of imprisonment for the shooting with intent to kill convictions. The 20-year terms were to run concurrently with each other but consecutively to the life sentence. Subsequently, in a discretionary 120-day review of Mr. Vue's sentences, the Oklahoma district court ordered that one of the two 20-year terms run concurrently with the life sentence.

Mr. Vue now seeks a COA to appeal the federal district court's dismissal of his habeas corpus petition as time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). Where, as here, the district court dismissed the petition on procedural grounds, "without reaching the prisoner's underlying constitutional claim," a COA will not issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Vue does not satisfy this standard.

AEDPA imposes a one-year statute of limitations on federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This limitation period begins to run on the latest of four possible dates. *See id.* Only one is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

- 2 -

seeking such review." *Id*. § 2244(d)(1)(A). In Oklahoma, if a criminal defendant does not timely move to withdraw a plea of guilty or no contest, or file an appeal, the conviction becomes final ten days after sentencing. *See* Okla. R. Crim. App. 4.2; *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Mr. Vue entered a plea of no contest and was formally sentenced on June 1, 1998. Because he did not apply to withdraw his plea or file an appeal, his conviction became final on June 11, 1998. Consequently, Mr. Vue had until June 1999 to file a petition for a writ of habeas corpus, absent statutory or equitable tolling. Mr. Vue filed his petition in federal district court in August 2016.

Mr. Vue does not dispute his convictions became final in June 1998. Nor does he argue for a statutory exception or equitable tolling. Instead, he argues that AEDPA's one-year statute of limitations is an unconstitutional suspension of the writ of habeas corpus. But this argument is without merit. This court has held that AEDPA's statute of limitations may generally be applied, absent grounds for equitable tolling or a claim of actual innocence. *See Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998). Because his habeas petition was clearly time-barred, no reasonable jurist could conclude that the dismissal of the petition was incorrect.

In his habeas petition, Mr. Vue also sought cancellation of an order of removal made by an immigration judge. According to Mr. Vue, in 1999 an immigration judge ordered him to be removed from the United States to Thailand or Laos. Mr. Vue did not appeal the immigration decision. Mr. Vue now seeks cancellation of this order because "the state of his people, the Hmong, has not changed in Laos or Thailand" (Order at 2), and because he believes he has been rehabilitated during his incarceration.

The district court here correctly determined that it lacked jurisdiction to review the removal order. A petition under "section 2241 of Title 28, or any other habeas corpus provision" is not the proper vehicle to challenge an alien's removal. 8 U.S.C. § 1252(a)(5). Under 8 U.S.C. § 1252(a)(5), the "appropriate court of appeals. . . [has] the sole and exclusive means for judicial review of an order of removal." *See also Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006) (recognizing that "district courts no longer have jurisdiction over habeas petitions challenging orders of removal").

In some cases, this kind of error can "be cured by relying on the transfer statute, 28 U.S.C. § 1631, which permits a court to transfer a case to a court that would have had jurisdiction on the date when the action was filed, where the transferring court lacks jurisdiction over the case in question, and where such a transfer would be in the interest of justice." *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162–63 (10th Cir. 2004); *see also Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003) (approving the district court's transfer of a habeas petition to court of appeals under § 1631 and treating it as petition for review of order of removal); *Calderon-Rodriguez v. Terry*, 547 F. App'x 867, 869 (10th Cir. 2013).

However, this option would not have been available here. We can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We lack jurisdiction to consider unexhausted claims. *Molina v. Holder*, 763 F.3d 1259, 1262–63 (10th Cir. 2014). Mr. Vue apparently did not appeal the 1999 removal order to the Board of Immigration Appeals (BIA), and we "have recognized that neglecting to take an appeal to the BIA

- 4 -

constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007). Nor is there anything in the record to suggest he brought any claims before the BIA through a motion to reconsider or reopen or any other document.

We therefore **DENY** Mr. Vue's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge