FILED
United States Court of Appeals
Tenth Circuit

November 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ONG VUE,

     Petitioner - Appellant,

v.

JANET DOWLING, Warden, Dick Conner
Correctional Center,

     Respondent - Appellee.

No. 17-6213
(D.C. No. 5:17-CV-00857-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Ong Vue, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 application for a writ of habeas corpus. He also seeks leave to file a "Motion

to Certify Question of Law to Oklahoma Supreme Court" and a "Motion to Confer

Standing as a Member of a Peculiar Suspect Class." Exercising jurisdiction under 28

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Vue is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

U.S.C. § 1291, we deny the COA and dismiss this matter. We also dismiss as moot his request to file the motions.

## I. **BACKGROUND**

In 1998, Mr. Vue pled no contest in Oklahoma state court to one count of murder in the first degree and two counts of shooting with intent to kill. On June 1, 1998, he was sentenced to life in prison for the murder conviction and two 20-year terms for the shooting with intent to kill convictions. Mr. Vue did not appeal these convictions in state court. Instead, his trial counsel filed a motion to modify his original sentence, which the Oklahoma state trial court granted in September of 1998.[2] In July 2016, Mr. Vue sought post-conviction relief in state court. That request was denied, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

On August 12, 2016, Mr. Vue filed a 28 U.S.C. § 2241 petition in the United States District Court for the Western District of Oklahoma seeking relief from an immigration removal order and raising claims of ineffective assistance of counsel. *See Ong Vue v. Allbaugh*, 682 F. App'x 636, 638-39 (10th Cir. 2017). The district court construed Mr. Vue's petition as a request for relief under § 2254 and dismissed

---

[2] Under Mr. Vue's original sentence, the 20-year terms were to run concurrently with each other but consecutively to the life sentence. The Oklahoma state trial court granted Mr. Vue's request to modify the sentence, ordering that one of the 20-year terms would run concurrently with the life sentence. *See Ong Vue v. Allbaugh*, 682 F. App'x 636, 638 (10th Cir. 2017).

it as unexhausted and time-barred. On review, this court denied a COA and dismissed the appeal. *Id.* at 639.

Mr. Vue later filed two applications to bring a successive § 2254 claim based on ineffective assistance of counsel. This court denied his first request, holding that Mr. Vue had not shown he was relying on "a new rule of constitutional law" or "newly discovered evidence." *See* Order dated June 1, 2017 at 2 (17-6124). Regarding his second request, we found that Mr. Vue was not required to obtain circuit authorization to challenge his state convictions under § 2254 because the district court had failed to provide him adequate notification before construing his § 2241 petition as, in part, a first § 2254 application. *See* Order dated July 31, 2017 at 2 (17-6161). This court thus denied his request for authorization as unnecessary and permitted him to file a § 2254 application in district court to challenge his convictions. *See id.* at 1.

A magistrate judge issued a report and recommendation ("R & R") concluding that Mr. Vue's habeas application was untimely under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that neither statutory nor equitable tolling was warranted. The district court adopted the R & R and dismissed Mr. Vue's habeas application as untimely. It issued separate orders denying Mr. Vue leave to proceed *in forma pauperis ("ifp")* on appeal and declining to grant a COA. After the district court denied *ifp*, Mr. Vue paid the filing fee in full.

3

## II. DISCUSSION

Mr. Vue contends he is entitled to equitable tolling because his attorney failed to pursue a direct appeal of his 1998 Oklahoma state convictions. We conclude under the alleged facts that he is not entitled to equitable tolling for 17 years—the time that elapsed between when his conviction became final and when he first sought federal habeas relief. The district court did not abuse its discretion in denying equitable tolling, reasonable jurists would not disagree, and a COA is unwarranted.

### A. *Legal Background*

### 1. Certificate of Appealability

Mr. Vue may not appeal the district court's denial of his § 2254 application without a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mr. Vue's habeas application on procedural grounds "without reaching the prisoner's underlying constitutional claim," a COA cannot issue unless Mr. Vue shows both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007). Because we may "resolve the issue whose answer is more apparent from the record and arguments," *Slack*, 529 U.S. at 485, we

4

start and end our discussion with the second ground concerning the district court's procedural ruling.

2. **Statute of Limitations**

Mr. Vue challenges the district court's conclusion that his claim was procedurally barred and that equitable tolling was unwarranted. "[W]e review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott,* 317 F.3d 1133, 1138 (10th Cir. 2003).

Under AEDPA, state prisoners have one year from the day their state court conviction becomes final to seek habeas relief. 28 U.S.C. § 2244(d)(1). As relevant here, a state conviction is final either when direct review has concluded or when the period during which direct review can be sought has expired. *Id.* To qualify for equitable tolling, an applicant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted).

Attorney negligence can warrant equitable tolling in "extraordinary instance[s]" when the conduct constitutes "far more than 'garden variety' or 'excusable neglect.'" *Id.* at 652. The petitioner bears the burden of demonstrating that equitable tolling is appropriate. *Miller v.* Marr, 141 F.3d 976, 978 (10th Cir. 1998).

5

B. *Analysis*

Mr. Vue's conviction became final in June 1998—ten days after his conviction was entered and the date on which his opportunity to seek direct review ended. *See* ROA at 148; *see also* Okla. Stat. tit. 22, § 1051; Rules of Oklahoma Court of Criminal Appeals 4.2. The one-year period for filing a habeas application ended in June 1999. He filed his habeas application 17 years later—long after AEDPA's one-year statute of limitations had expired. Thus, the district court was correct to conclude that Mr. Vue's application is time-barred unless he can show he is entitled to tolling of the limitations period.

Mr. Vue contends equitable tolling is warranted based on his attorney's failure to (1) file a motion to withdraw his plea or (2) file a timely appeal. But he fails to provide sufficient evidence that his lawyer's purported negligence prevented him from filing a habeas application within the one-year limitations period.

Mr. Vue offers no corroboration—other than his own affidavit—of his claim that a May 29, 1998 conversation with his attorney led him to believe that she would pursue an appeal. He claims he believed the attorney had perfected his appeal, but he provides no explanation for his failure to follow up on the matter for the 17 years that passed between the time his conviction became final and the time he sought habeas relief in federal court. Even if Mr. Vue's version of the events is correct, he has failed to demonstrate the diligence necessary for equitable tolling to apply or that the district court abused its discretion in denying equitable tolling. Accordingly, he

cannot show that reasonable jurists would differ over whether the district court properly dismissed his habeas application.

## III. CONCLUSION

Mr. Vue filed his § 2254 application long after AEDPA's one-year statute of limitations expired, and he has not demonstrated that equitable tolling is warranted or that reasonable jurists would debate whether the district court abused its discretion. We therefore deny his request for a COA and dismiss his appeal. We also dismiss as moot his "Motion to Certify Question of Law to Oklahoma Supreme Court" and the "Motion to Confer Standing as a Member of a Peculiar Suspect Class."

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge