FILED
United States Court of Appeals
Tenth Circuit

July 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN VALLES,

        Petitioner - Appellant,

v.

MATTHEW HANSEN, Warden, Sterling
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents- Appellees.

No. 18-1116
(D.C. No. 1:17-CV-02707-LTB)
(D. Colorado)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ,** and **McHUGH**, Circuit Judges.

Petitioner Steven Valles, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

habeas petition brought under 28 U.S.C. § 2254. He also seeks leave to proceed in forma

pauperis in this court. The district court dismissed Mr. Valles's petition as untimely under

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Valles is pro se, "we liberally construe his filings, but we will not
act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

28 U.S.C. § 2244(d)'s one-year limitations period. We deny Mr. Valles's COA request, deny his in forma pauperis motion, and dismiss the petition.

## I. BACKGROUND

In February 2009, a jury convicted Mr. Valles of a variety of controlled substance distribution and possession violations. He received a combined sixty-nine-year term of imprisonment. After pursuing state direct appeal and post-conviction relief, Mr. Valles filed his application for habeas corpus relief in federal district court. The district court found his application untimely under 28 U.S.C. § 2244(d) and held that Mr. Valles had failed to demonstrate he was entitled to equitable tolling or excused from the limitations period under the actual-innocence exception. The court also denied him a COA.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") conditions a state prisoner's right to appeal a denial of habeas relief on the grant of a COA, which is unavailable unless the applicant demonstrates a "substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c)(1)(A), (c)(2). Where, as here, the district court denies a habeas petition on procedural grounds, we issue a COA only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Mr. Valles cannot make this showing, and we therefore deny his request.

## A. The Timing of Mr. Valles's Habeas Petition

AEDPA provides a one-year limitations period for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Mr. Valles does not contest that he filed his habeas petition outside the one-year AEDPA limitations period even after considering the effects of statutory tolling. And he does not assert any right to equitable tolling. Instead, Mr. Valles challenges the constitutionality of the one-year limitations period.

## B. Mr. Valles's Challenges to the One-Year Limitations Period

Mr. Valles argues that the one-year AEDPA limitations period is unconstitutional because it: (1) "abridg[es] . . . the right of the people . . . to petition the Government for a redress of grievances," U.S. Const. amend. I; (2) violates the Suspension Clause, *id.* art. I, § 9, cl. 2; (3) amends the First Amendment without the requisite process, *see id.* art. V; (4) violates the separation of powers doctrine because the temporary suspension of the writ is reserved to the Executive Branch; (5) violates the Fourteenth Amendment prohibition on arbitrary government action because the one-year limitations period begins after state direct review concludes and expires before the limitations period for Colorado post-conviction remedies; (6) violates the Equal Protection guarantee of the Fourteenth Amendment because counseled petitioners are able to comply with the requirement while pro se petitioners are penalized; and (7) violates the Supremacy Clause because state and federal officials are required to obey the Constitution and the one-year limitations period is in violation of the Constitution for the previous six reasons.

As an initial matter, even given our liberal construction of pro se briefing, Mr. Valles has not adequately presented many of his arguments in his opening brief;

3

accordingly, we may deem them waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotation marks omitted)). In any event, Mr. Valles's arguments fail. The Supreme Court has regularly applied and interpreted AEDPA's one-year limitations period without questioning its constitutionality. *See, e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Holland v. Florida*, 560 U.S. 631 (2010); *Lawrence v. Florida*, 549 U.S. 327 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Duncan v. Walker*, 533 U.S. 167 (2001).

And we have addressed and rejected challenges to the constitutionality of the one-year limitations period on many of the same grounds Mr. Valles now raises. *See Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998) (absent grounds for equitable tolling or a showing of actual innocence, one-year limitations period does not render habeas remedy "inadequate and ineffective" and thus does not violate the Suspension Clause); *see also Ong Vue v. Allbaugh*, 682 F. App'x 636, 638 (10th Cir. 2017) (one-year limitations period is not an unconstitutional suspension of the writ); *United States v. Sanchez*, 568 F. App'x 557, 559 (10th Cir. 2014) (one-year limitations period for § 2255 motions does not violate the First Amendment's right of access to the courts); *Gutianez v. Parker*, 237 F. App'x 349, 352 (10th Cir. 2007) (one-year limitations period does not usurp state prerogatives in having longer state post-conviction limitations periods).

His other arguments similarly fail. For example, because the limitations period does not run afoul of the First Amendment, *see Sanchez*, 568 F. App'x at 559, Mr. Valles's argument that AEDPA amends the First Amendment is incorrect. We have also repeatedly enforced the one-year limitations period against pro se petitioners in the absence of equitable tolling, even if counseled petitioners are better equipped to comply with the time limit. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (pro se status of petitioner and lack of legal knowledge do not merit equitable tolling); *Gutianez*, 237 F. App'x at 352–53. Because the one-year period is not a "suspension" of habeas relief, *see Ong Vue*, 682 F. App'x at 638, Congress did not violate the separation of powers doctrine with the passage of AEDPA.[2] Finally, because Mr. Valles's first six arguments are without merit, his seventh argument that relies on the first six is also meritless.

Because Mr. Valles's habeas petition was clearly time-barred and his contention that the one-year limitations period is unconstitutional lacks merit, no reasonable jurist could conclude that the district court erred in its procedural ruling. We thus deny Mr. Valles's request for a COA and do not reach the merits of the other issues he raises in his application for a COA.

---

[2] Mr. Valles's argument also fails because Congress has the authority to suspend the writ, contrary to his assertion. *See Boumediene v. Bush*, 553 U.S. 723, 744 (2008) (habeas relief "ought not to be denied or delayed, except when, on account of public danger, the Congress shall suspend the privilege of the writ of *habeas corpus*" (quoting 1 Debates in the Several State Conventions on the Adoption of the Federal Constitution 328 (J. Elliot 2d ed. 1876))); *id.* at 771 ("If the privilege of habeas corpus is to be denied . . . , Congress must act in accordance with the requirements of the Suspension Clause."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality opinion) ("Only in the rarest of circumstances has Congress seen fit to suspend the writ.").

### C. Mr. Valles's In Forma Pauperis Motion

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Although the trial court so certified in this case, Mr. Valles "may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in" Federal Rule of Appellate Procedure 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). As in the district court, "to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). After careful consideration of Mr. Valles's application, we agree with the district court that he has not shown the existence of such a reasoned, nonfrivolous argument. His motion for leave to proceed in forma pauperis is accordingly denied.

### III.    CONCLUSION

We DENY Mr. Valles's request for a COA, DENY his in forma pauperis motion, and DISMISS this appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6