PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ALBERTO MARTINEZ MOLINA;
CRISTINA RAMIREZ RIVERA,

Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9573

---

**PETITION FOR REVIEW OF FINAL DECISION
ISSUED BY THE BOARD OF IMMIGRATION APPEALS**

---

Jennaweh Leyba, Joseph Law Firm, P.C., Aurora, Colorado, for Petitioners.

Stuart F. Delery, Assistant Attorney General, Carl McIntyre, Assistant Director, and Jeffrey J. Bernstein, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.[1]

---

**BACHARACH**, Circuit Judge.

---

[1]   The Court determined that oral argument would not provide material assistance in the determination of this appeal. *See* 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

A husband and wife, Mr. Alberto Martinez Molina and Ms. Cristina Ramirez Rivera, are Mexican citizens subject to final orders of removal from the United States. After an immigration judge declined to cancel their removal orders, Mr. Martinez and Ms. Ramirez filed a motion to reopen based on ineffective representation of counsel. With the motion, Mr. Martinez and Ms. Ramirez submitted evidence that they had resided in the United States in 1998. The Board of Immigration Appeals denied the motion, reasoning that the couple had not shown prejudice because the evidence that they submitted: (1) could not overcome discrepancies in their testimony, and (2) was the same or substantially similar to the evidence considered by the immigration judge. The spouses filed a petition for review, arguing that: (1) the Board abused its discretion in rejecting their claim for ineffective representation, and (2) the immigration judge failed to consider the entire record.

For Ms. Ramirez, we affirm. The Board acted within its discretion in rejecting her ineffective-representation claim, and Ms. Ramirez did not exhaust her claim involving failure of the immigration judge to consider the entire record.

For Mr. Martinez, we remand to the Board. Mr. Martinez did not exhaust his claim involving failure to consider the entire record. But he did exhaust his ineffective-representation claim, and the Board abused its discretion when it mistakenly concluded that the newly submitted evidence was the same or substantially similar to the evidence considered by the immigration judge.

2

## I. 1998: An All-Important Year

The government began removal proceedings on October 16, 2008. Though the spouses conceded removability, they applied for cancellation of removal. To obtain this relief, the couple had to prove continuous residence in the United States from October 16, 1998, to October 16, 2008 (with allowances for certain temporary departures). *See* 8 U.S.C. § 1229b.

At a 2008 hearing, the couple's first attorney (Gita Kapur) submitted documentary evidence, which included: (1) paystubs showing that Mr. Martinez had worked in the United States in 1998, and (2) records showing that the couple's minor child had been vaccinated in the United States throughout 1998.

The couple then relocated and obtained a second hearing with new counsel (David Senseney). At the second hearing, Mr. Senseney presented evidence of residence from 1999 to 2010, but he did not present any evidence from 1998 or refer to the 1998 evidence previously submitted by Ms. Kapur. The immigration judge denied relief, relying in part on discrepancies in the testimony. But the immigration judge also relied on a factual finding that the documentary evidence had not "address[ed] [Mr. Martinez's] presence in October of 1998." R. at 418.

Mr. Senseney appealed to the Board of Immigration Appeals, but did not challenge any of the immigration judge's rulings. Without any argument based on the immigration judge's decision, the Board dismissed the appeal.

Thereafter, the couple hired a third attorney (Jennaweh Leyba), who filed a motion to reopen based on ineffective representation of counsel. The couple argued that their second attorney, Mr. Senseney, had performed ineffectively by failing to submit evidence of continuous residence since October 16, 1998. The Board denied the motion, stating that the evidence "regarding [the couple's] physical presence in the United States between 1997 and 1998 appear[ed] to be the same or substantially similar to the evidence considered by the Immigration Judge." *Id.* at 3.

## II.    The Petitioners' Arguments & Our Conclusions

In their petition, the spouses argue that the Board should have granted the motion to reopen based on:

- the immigration judge's failure to consider all of the evidence, including the evidence submitted by their first attorney (Ms. Kapur) at the 2008 hearing, and

- ineffective representation.

We decline to consider the couple's first argument because we lack jurisdiction. On the couple's second argument, we affirm the Board's decision with respect to Ms. Ramirez, finding no abuse of discretion. With respect to Mr. Martinez, however, we remand for clarification regarding whether his testimonial discrepancies provide a sufficient basis for denial of relief.

## III.    Exhaustion

We must address a threshold issue:  jurisdiction.  In immigration cases, our jurisdiction extends only to issues that have been exhausted before the Board of Immigration Appeals.  8 U.S.C. § 1252(d)(1); *see Ribas v. Mukasey*, 545 F.3d 922, 930-31 (10th Cir. 2008).

The couple submits two issues for our review:  (1) failure of the immigration judge to consider the entire record, and (2) ineffective representation of counsel.  The first issue was not raised in the couple's motion to reopen or in any other document filed with the Board of Immigration Appeals.  Consequently, the argument is unexhausted; and without exhaustion, we lack jurisdiction.  *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam) (stating that appellate jurisdiction was absent when an alien failed to file a motion to reopen based on the legal theory later raised in our Court).  The second issue, however, was presented to and reviewed by the Board; thus, the second issue was exhausted and subject to our jurisdiction.

## IV.     Claims Involving Ineffective Representation of Counsel

Mr. Martinez and Ms. Ramirez argue that:  (1) their former counsel, Mr. Senseney, ineffectively argued for cancellation of removal,[2] and (2) a reasonable likelihood exists

---

[2]     The couple also argues that Mr. Senseney failed to raise any material arguments on appeal to the Board, "eliminat[ing] the possibility of future relief . . . based on the merits of the case."  Appellant's Opening Br. at 41.  With regard to this argument, however, the couple makes no attempt to establish a reasonable likelihood that the outcome would have been different with the additional arguments.  We therefore deem this argument waived.  *See, e.g., United Transp. Union v. Dole*, 797 F.2d 823, 827

5

that, but for Mr. Senseney's ineffectiveness, the outcome would have been different. We agree for Mr. Martinez and disagree for Ms. Ramirez.

## A.      Right to Effective Representation

Aliens in removal proceedings enjoy a Fifth Amendment right to effective representation by their retained counsel. *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003).  For a due-process claim based on ineffectiveness, an alien must show that:  (1) retained counsel was ineffective, and (2) the ineffectiveness resulted in a "fundamentally unfair proceeding." *Id.*  A proceeding is "fundamentally unfair" only if it causes prejudice to the alien. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1207-09 (10th Cir. 2004).  To establish prejudice, an alien must show a "reasonable likelihood" that the outcome would have been different but for the attorney's deficient performance. *Id.*

## B.      The Abuse-of-Discretion Standard

Because ineffective representation was raised in a motion to reopen, we review the Board's decision under an abuse-of-discretion standard. *See Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005).  The Board abuses its discretion when it fails to provide a rational explanation, inexplicably deviates from established policies, lacks any reasoning, or contains only conclusory explanations. *Id.*  In contrast, the Board does not

---

(10th Cir. 1986) (failure to thoroughly develop arguments in a brief generally results in waiver).

abuse its discretion when "its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004).

### C.     The Couple's Arguments

Mr. Martinez and Ms. Ramirez argue that the Board relied on a mistaken belief that the evidence accompanying the motion to reopen was the same or substantially similar to the evidence considered by the immigration judge.  According to the couple, the motion-to-reopen evidence differed because it included documentation from 1998.

We agree with respect to the evidence submitted on behalf of Mr. Martinez. With respect to Ms. Ramirez, however, we find no abuse of discretion.

### D.     Mr. Martinez

For Mr. Martinez, the immigration judge identified two inadequacies in the proof: (1) testimonial inconsistencies regarding the duration of his residence in the United States, and (2) the absence of *any* documentary evidence establishing his presence in October 1998.  Thus, we know that the immigration judge denied Mr. Martinez's application based, at least in part, on a perceived lack of evidence from October 1998.

With his motion to reopen, Mr. Martinez submitted evidence from 1997 and 1998. Nonetheless, the Board found that the newly submitted evidence "regarding [the couple's] physical presence in the United States between 1997 and 1998 appear[ed] to be the same or substantially similar to the evidence considered by the Immigration Judge."

R. at 3.  For Mr. Martinez, this finding is inaccurate because:  (1) the motion to reopen included his paystubs for a job in Colorado in October 1998,[3] and (2) we know that the immigration judge did not consider these paystubs based on her reference to "the absence of any documentary evidence to prove entry in October of 1998."[4]  These paystubs filled a perceived gap in the evidence that had led the immigration judge to deny relief, and the Board erred in concluding that the proffered evidence was the same or substantially similar to the evidence relied on by the immigration judge.

The resulting question is whether the Board's error materially affected the outcome.  The Board partially relied on its erroneous belief in denying the motion to reopen.  *See id.* at 4 ("without a showing that the . . . evidence [accompanying the motion to reopen] might have changed the result in their case, we do not find that any action or inaction by prior counsel caused [the couple] prejudice").  But the Board also noted that "[t]he Immigration Judge [had] based her decision, in large part, on the [couple's] discrepant testimony regarding their physical presence in the United States."  *Id.* at 3-4.

In light of discrepancies in the testimony, the Board might have reached the same outcome even if the immigration judge had not relied on the absence of evidence from October 1998.  But, the Board might have reached a different result if it determined that the immigration judge had weighed the discrepancies less heavily than the perceived

---

[3] R. at 205.

[4] *Id.* at 418.

absence of evidence from October 1998. Because we do not know whether the error affected the outcome, we must remand for further findings by the Board. *See Onwuamaegbu v. Gonzales*, 470 F.3d 405, 411-12 (1st Cir. 2006) (remanding to the Board of Immigration Appeals because the Court of Appeals could not determine whether the Board abused its discretion by summarily affirming when the immigration judge's rationale was subject to "alternative interpretations"); *see also Lam v. Holder*, 698 F.3d 529, 536 (7th Cir. 2012) (remanding to the Board of Immigration Appeals when the Court of Appeals concluded that the immigration judge had made an error and it was unclear whether the immigration judge's determination would stand without the error). On remand, the Board should reconsider based on recognition that the October 1998 evidence was not considered by the immigration judge.

### E. Ms. Ramirez

For Ms. Ramirez, the Board denied relief based on: (1) the similarity between the motion-to-reopen evidence and the evidence considered by the immigration judge, and (2) discrepancies in her testimony. With her motion to reopen, Ms. Ramirez submitted vaccination records, which purport to establish her presence in the United States in February, March, April, June, and September 1998. R. at 208-09.[5] But the vaccination

---

[5] The records show vaccinations of the child in the United States. According to the couple, the records prove Ms. Ramirez's presence in the United States on the theory that in 1998, "she was the primary caregiver of [her] children." Appellant's Opening Br. at 39. For the sake of argument, we can assume that the immunization records conclusively establish Ms. Ramirez's presence in the United States during these months.

records were already in the record.  And without contrary evidence, we must assume that the immigration judge reviewed the records when she denied Ms. Ramirez's application. *See Batalova v. Ashcroft*, 355 F.3d 1246, 1252 (10th Cir. 2004) (we presume that the Board of Immigration Appeals thoroughly reviews the record before adopting or affirming the decision of an immigration judge).

The immigration judge said nothing to suggest a failure to consider the child's 1998 vaccination records.  Indeed, the judge made only one reference to Ms. Ramirez's documentary evidence.  That reference involved her alleged entry date (1996), not her presence in the United States in 1998.  R. at 419.

The Board did not abuse its discretion when it concluded that the motion-to-reopen evidence from 1997-1998 was the same or substantially similar to the evidence considered by the immigration judge.

## V.    Conclusion

We affirm the Board's decision as it pertains to Ms. Ramirez and grant the petition for Mr. Martinez.  For his application, we remand and direct the Board to clarify whether discrepancies in the testimony provide a sufficient basis for denial of relief.