FILED
United States Court of Appeals
Tenth Circuit

June 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SITELA FAMYDOLIA SIONE,

      Petitioner,

v.

JEFFERSON B. SESSIONS,* III,
United States Attorney General,

      Respondent.

No. 16-9540
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

    Sitela F. Sione is a Tongan citizen who has lived in the United States for more than twenty years. After an Immigration Judge (IJ) ordered her removal, Sione appealed to the Bureau of Immigration Appeals (BIA). The BIA dismissed her appeal and denied her request to remand.

_____

    * Pursuant to Fed. R. App. P. 43(c)(2) Loretta E. Lynch is replaced by Jefferson B. Sessions as the United States Attorney General.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sione now appeals to this court and makes four arguments: (1) the BIA should have referred her case to a three-member panel; (2) the IJ's credibility determination is not supported by substantial evidence; (3) she was denied her due process right to a fundamentally fair proceeding; and (4) the BIA erred by denying her motion to remand. We dismiss her first three claims because we lack jurisdiction to review them. And we conclude the BIA did not abuse its discretion by denying her remand request, so we affirm its ruling.

## I. Background

Sione became a lawful permanent resident in 2006 and applied for citizenship in 2011. While evaluating her citizenship application, Citizen and Immigration Services (CIS) discovered Sione had falsely claimed she was unmarried in her prior application for lawful permanent resident status. Because of Sione's false statements, CIS denied her application for citizenship and charged her with removability under 8 U.S.C. § 1227(a)(1)(A).[1] Sione conceded she was removable, but sought a discretionary waiver under § 1227(a)(1)(H).[2]

At a subsequent hearing, Sione admitted she lied about her marriage status on her lawful permanent resident application, but claimed she followed the advice of an

---

[1] Under that section, an alien is deportable if she was inadmissible "at the time of entry or adjustment of status." 8 U.S.C. § 1227(a)(1)(A). An alien who procured a visa by fraud or misrepresentation is inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i).

[2] § 1227(a)(1)(H) gives the attorney general discretion to waive removability if an alien meets certain criteria. As relevant here, those criteria include having a parent or child who is a United States citizen and being otherwise admissible under § 1182(a). *See* § 1227(a)(1)(H). There is no dispute that Sione was eligible for a waiver under this section.

2

immigration officer, Manisela Sitake, who was a friend of her mother's. According to Sione, Sitake encouraged her to say she was unmarried because it would expedite the application process.

The IJ expressed concern that an immigration officer would advise an applicant to lie, so he issued a subpoena commanding Sitake to testify. Sitake testified that he did not know Sione and denied telling her to misstate her marital status. The IJ found Sitake's testimony credible, and concluded that Sione's repeated dishonesty prevented him from finding that she "warrant[ed] a favorable exercise of discretion for the waiver." Admin. R. at 97.

On appeal to the BIA, Sione challenged the IJ's decision to call Sitake to testify, as well as the IJ's credibility findings and his ultimate decision to deny a waiver. Sione also asked the BIA to remand the case so she could present evidence that her attorneys were ineffective. In an order by a single board member, the BIA dismissed Sione's appeal and denied her motion to remand.

## II. Jurisdiction

We have jurisdiction to review a final order of removal, 8 U.S.C. § 1252(a)(1), but we cannot review decisions committed to the Attorney General's discretion, *see* § 1252(a)(2)(B)(ii). Whether to grant a waiver of removal under § 1227(a)(1)(H) is one such discretionary decision. *See id*. We therefore lack jurisdiction to review the denial of a waiver under § 1227(a)(1)(H) unless it presents a constitutional question or a question of law. § 1252(a)(2)(D); *Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005).

3

Similarly, the failure to present a claim to the BIA deprives us of jurisdiction to review it. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam).

### III. Analysis

### A. We lack jurisdiction to review the BIA's decision not to assign a three-member panel.

Sione argues the BIA violated its own regulations by not referring her case to a three-member panel. The BIA may resolve an appeal in one of three ways: (1) it can affirm the IJ's decision without an opinion; (2) a single board member can issue a brief order affirming, modifying, remanding, or in some cases reversing the IJ's decision; or (3) the BIA can assign the case to a three-member panel if it meets certain criteria. *See* 8 C.F.R. § 1003.1(e)(4)-(6). Specifically, a case may be assigned to a three-member panel only if it presents one of six circumstances:

> (i) The need to settle inconsistencies among the rulings of different immigration judges;
>
> (ii) The need to establish a precedent construing the meaning of laws, regulations, or procedures;
>
> (iii) The need to review a decision by an immigration judge or the Service that is not in conformity with the law or with applicable precedents;
>
> (iv) The need to resolve a case or controversy of major national import;
>
> (v) The need to review a clearly erroneous factual determination by an immigration judge; or
>
> (vi) The need to reverse the decision of an immigration judge or the Service . . . .

§ 1003.1(e)(6).

Sione claims her case meets this criteria, and that we have jurisdiction to review the BIA's decision not to assign a three-member panel under *Batalova v.*

*Ashcroft*, 355 F.3d 1246 (10th Cir. 2004). But *Batalova*'s reasoning does not apply here.

In *Batalova*, we exercised jurisdiction to review the BIA's decision not to assign a three-member panel because the regulatory criteria governing the decision was "well within our capability to review" and "we [could] directly review the IJ's decision, which the BIA member adopted." *Id*. at 1253 & n.8. But in this case, we cannot determine whether the criteria for assigning a three-judge panel is satisfied without reaching the merits of the IJ's decision to deny Sione's application for a waiver. And as we explained above, we lack jurisdiction to review this discretionary decision. So, unlike *Batalova*, we cannot review the IJ's decision to determine whether the regulatory criteria are met. *See Tsegay v. Ashcroft*, 386 F.3d 1347, 1358 (10th Cir. 2004) (distinguishing *Batalova* and concluding we lacked jurisdiction to review the BIA's decision to affirm without an opinion under § 1003.1(e)(4) in part because we lacked jurisdiction to review the merits of the underlying appeal). Because we do not have jurisdiction to review the merits of the IJ's decision, we cannot review the BIA's procedural decision not to assign a three-member panel.

**B. We lack jurisdiction to review the IJ's credibility assessment.**

Sione argues IJ's credibility determination is not supported by substantial evidence. But credibility findings are findings of fact, *Htun v. Lynch*, 818 F.3d 1111, 1118 (10th Cir. 2016), which we lack jurisdiction to review, § 1252(a)(2)(B), (D); *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009) ("[C]hallenges directed

5

solely at the agency's discretionary and factual determinations remain outside the scope of judicial review.").

### C. Sione failed to exhaust her due process claim.

Sione argues the IJ violated her due process right to a fundamentally fair hearing by calling Sitake to rebut her testimony without also calling her mother, who would have corroborated Sione's testimony. But Sione did not make this due process argument to the BIA, and we may not consider arguments that were not first presented to the agency, *Akinwunmi*, 194 F.3d at 1341. Although there is an exception to the exhaustion requirement for constitutional challenges the BIA lacks authority to review, the BIA has authority to fix procedural errors, including failure to follow due process. *Id.*; *see Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) ("[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process."). Because Sione was required to give the BIA an opportunity to correct the procedural defects she alleges, we cannot consider her due process argument on appeal.

### D. The BIA did not abuse its discretion by denying Sione's motion to remand.

Sione asked the BIA to remand the case so she could present evidence that her attorneys were ineffective. This was, in effect, a motion to reopen. *See Alzainati*, 568 F.3d at 847 n.2 ("A motion styled as a request for remand remains, in substance, a motion to reopen."). We review the BIA's decision to deny a motion to reopen for abuse of discretion. *Molina v. Holder*, 763 F.3d 1259, 1263 (10th Cir. 2014).

6

We agree with Sione that her Fifth Amendment right to a fundamentally fair removal proceeding includes the right to effective assistance by her attorneys. *See id*. To prevail on a due process claim based on ineffective assistance, Sione had to show her attorneys were ineffective and, as a result, she was denied a fundamentally fair proceeding. *See id*. In addition, Sione's motion to reopen was required to comply with the screening criteria described in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). This means (1) Sione had to submit an affidavit stating the relevant facts; (2) she was required to inform her former attorneys of the allegations and give them an opportunity to respond; and (3) because Sione accused her attorneys of violating ethical rules, she had to state "whether a complaint has been filed with the appropriate disciplinary authorities . . . and if not, why not." *Lozada*, 19 I. & N. at 639.

The BIA found that Sione failed to comply with *Lozada*'s third requirement because she did not file a bar complaint against her former attorneys and inadequately explained why she failed to do so. Sione concedes she did not file a complaint, but argues it was not required because her attorneys' "conflict of interest is plain on the face of the administrative record and both attorneys admitted the error in their letters and have cooperated with [her]." Opening Br. at 46. But Sione cites no authority for this argument, and the record does not support it.

First, the record does not plainly show that her attorneys had a conflict of interest. Everyone agrees Sione's first attorney, Laura Lui, had a personal

7

relationship with Sitake, which could have given rise to a conflict. But the BIA found that Lui withdrew as soon as she learned of the potential conflict, and was replaced by Sione's second attorney, Gage Herbst. Herbst and Lui belonged to the same law firm, so a conflict by Lui could be imputed to Herbst, but it is not clear that Lui's relationship with Sitake "present[ed] a significant risk of materially limiting the representation of [Sione] by the remaining lawyers in the firm." Utah Rules of Prof'l Conduct R. 1.10(a). So on this point, the record is not as clear as Sione suggests.

Second, contrary to Sione's argument, her former attorneys did not admit they had a conflict. Lui explained she "did not feel it was a conflict under the Utah Rules of Professional Conduct to continue to represent Ms. Sione," but nevertheless thought "it was the right thing for [her] to withdraw." Admin. R. at 59. And while Herbst acknowledged that a conflict by Lui might have been imputed to him as well, he did not admit there was a conflict in the first place. In short, Sione has failed to persuasively explain why she did not file a disciplinary complaint against her attorneys.

The BIA's decision to deny Sione's motion to reopen did not rest entirely on her failure to comply with *Lozada*. It also found there was insufficient evidence that Sione's former attorneys provided ineffective assistance. Sione claims Lui's conflict of interest rendered her ineffective, but as noted above, the BIA found that she withdrew immediately upon recognizing a potential conflict. Sione argues Herbst was ineffective because he failed to call her mother to rebut Sitake's testimony, but as the BIA recognized, Herbst explained why he made this decision. According to

8

Herbst, when he prepared Sione's mother to testify at the final hearing, he discovered her memory of the events was inconsistent with Sione's. Believing the testimony might cause further damage to Sione's case, Herbst decided not to call her as a witness. Sione does not convincingly explain why this tactical decision was unreasonable. *See Mena-Flores v. Holder*, 776 F.3d 1152, 1169 (10th Cir. 2015) ("An attorney's objectively reasonable tactical decisions do not qualify as ineffective assistance.").

The BIA gave a rational explanation for denying Sione's motion to reopen, it correctly applied the law, and it did not depart from established policies. In short, the BIA did not abuse its discretion. *See Molina*, 763 F.3d at 1263 (The BIA "abuses its discretion when it fails to provide a rational explanation, inexplicably deviates from established policies, lacks any reasoning, or contains only conclusory explanations.").

## IV. Conclusion

We affirm the denial of Sione's motion to remand. Sione's remaining claims are dismissed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9