**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GERSON JOHVAU MARCIA ALFARO,

Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

Respondent.

No. 18-9589
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.

_____

Gerson Johvau Marcia Alfaro, a native and citizen of Honduras, seeks review

of the decision of the Board of Immigration Appeals (BIA) upholding an immigration

judge's (IJ) order denying his application for asylum, restriction on removal,[1] and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] "Restriction on removal" was referred to as "withholding of removal" before
enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of
1996 (IIRIRA). Although the BIA and the respondent refer to "withholding of
removal," we use the term "restriction on removal" because Mr. Marcia filed his

protection under the Convention Against Torture (CAT). We dismiss the petition for review for lack of jurisdiction.

Mr. Marcia illegally entered the United States as a child in 1989 at age six. In 1991 his mother applied for asylum and listed him as a derivative on her application; the application was denied. Mr. Marcia was removed to Mexico in 1998 at age 14, and re-entered the United States the same year. In 2003 he was convicted in state court of attempted theft by receiving stolen property and sentenced to an indeterminate term not to exceed five years. He was placed in removal proceedings in 2014. Mr. Marcia conceded removability, but sought asylum, restriction on removal, and CAT protection because he feared returning to Honduras. Following several administrative hearings, the IJ denied Mr. Marcia's petition and ordered him removed to Honduras.

The IJ denied Mr. Marcia's asylum claim because he did not file his asylum application within one year after he entered the United States, or within one year after he turned 21 in 2005. *See* 8 U.S.C. § 1158(a)(2)(B) (stating alien must "demonstrate[] by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States"); *see also id.* § 1158(a)(2)(D) (permitting consideration of an asylum application if the alien demonstrates changed or extraordinary circumstances); 8 C.F.R.

---

claim after the IIRIRA's effective date. *See Neri-Garcia v. Holder*, 696 F.3d 1003, 1006 n.1 (10th Cir. 2012).

§ 1208.4(a)(4)(i)(B) ("Changed circumstances," within the meaning of § 1158(a)(2)(D), include "[c]hanges in the applicant's circumstances that materially affect [his] eligibility for asylum," which may include, "[i]n the case of an alien who had previously been included as a dependent in another alien's pending asylum application, the . . . attainment of age 21").

The IJ denied restriction on removal because Mr. Marcia did not present sufficient evidence to establish either past persecution or a clear probability that he would be persecuted on account of a protected ground if he were removed to Honduras. As an alternative ground, the IJ ruled that Mr. Marcia's prior conviction for attempted theft by receiving stolen property precluded the relief of restriction on removal. The IJ denied CAT relief because Mr. Marcia's prior conviction made him ineligible and because he had not demonstrated that "it is more likely than not he will be tortured at the consent or acquiescence of a public official if returned to Honduras." Admin. R. at 33. Finally, the IJ concluded that Mr. Marcia's prior conviction made him ineligible for voluntary departure.

Although he was represented by counsel before the IJ, Mr. Marcia proceeded pro se on appeal to the BIA. In his pro se Notice of Appeal from a Decision of an Immigration Judge, he asserted the following:

> I believe that the judge did not give enough consideration to the country conditions in Honduras. The political situation is extremely dangerous. My cousin is involved with politics in the opposition party, and I fear that violent gang members will target me because I am related to him. Things are very intense at this time in Honduras, the political situation has changed drastically in the last year.

3

*Id.* at 18.  Mr. Marcia did not file a separate brief or other written statement further explaining the basis of his claim after filing the Notice of Appeal.  The BIA affirmed without opinion under 8 C.F.R. § 1003.1(e)(4), making the IJ's decision the final agency determination for purpose of our review under 8 U.S.C. § 1252(a)(1). *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006).

Represented by a different lawyer than the one who represented him in the proceedings before the IJ, Mr. Marcia seeks review of the removal order.  He argues that the IJ incorrectly determined that he was not entitled to asylum, restriction on removal, and CAT protection.

"[W]e must first determine whether we have jurisdiction to consider [Mr. Marcia's] claims." *Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 (10th Cir. 2007).  We do not have jurisdiction over claims unless "the alien has exhausted all administrative remedies available as of right." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) (ellipsis and internal quotation marks omitted); *accord Molina v. Holder*, 763 F.3d 1259, 1262 (10th Cir. 2014) ("In immigration cases, our jurisdiction extends only to issues that have been exhausted before the [BIA]."); *see also* 8 U.S.C. § 1252(d)(1).  Moreover, the alien "must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).[2]

---

[2] We have jurisdiction over constitutional claims or questions of law, 8 U.S.C. § 1252(a)(2)(D); *Alzainati v. Holder*, 568 F.3d 844, 847 (10th Cir. 2009), but Mr. Marcia has not presented any such claims.

Mr. Marcia's pro se Notice of Appeal did not mention any reason to challenge the IJ's conclusions that his asylum petition was filed out of time or that he was ineligible for voluntary departure. Therefore, we lack jurisdiction to review these claims.

Even if we liberally construe the pro se Notice of Appeal as challenging the IJ's determination that he did not meet his burden of proof to show entitlement to restriction on removal or CAT protection, he did not challenge, and we therefore cannot review, the IJ's alternate ground for denying relief—that his prior criminal conviction made him ineligible for such relief. "[I]f there are two alternative grounds for a decision and we lack jurisdiction to review one, it would be beyond our Article III judicial power to review the other." *Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005). Any decision reviewing the IJ's determinations on past persecution or a probability that Mr. Marcia will be persecuted if removed to Honduras, or the likelihood that he will be tortured there, "could not affect the final order's validity and so would be advisory only," *id.*

The petition for review is DISMISSED for lack of jurisdiction.

Entered for the Court


Joel M. Carson III
Circuit Judge

5