FILED
United States Court of Appeals
Tenth Circuit

May 3, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

NELSON ARIEL CASCO AYALA;
FERNANDO JOSE CASCO AYALA,

    Petitioners,

v.

MERRICK B. GARLAND, United States
Attorney General,*

    Respondent.

No. 20-9579
(Petition for Review)

_____

## ORDER AND JUDGMENT**
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Petitioners Nelson Casco Ayala and Fernando Casco Ayala filed applications

for asylum, which an immigration judge denied after a hearing.  The Bureau of

Immigration Appeals (BIA) affirmed on appeal.  Petitioners then sought

_____

* On March 11, 2021, Merrick B. Garland became Attorney General of the
United States.  Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

** After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

reconsideration and requested a remand to the immigration judge based on new evidence. The BIA denied the motion, and Petitioners filed a petition for review. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

## I. BACKGROUND

Petitioners Nelson Casco Ayala and Fernando Casco Ayala[1] are brothers and natives of Honduras who entered the United States without inspection in 2014. Shortly after their arrival they were served with a Notice to Appear and charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i). They appeared in immigration court in 2015 and conceded removability, but their attorney requested a continuance to allow them to prepare an asylum application.

Because Petitioners were unaccompanied minors when they arrived in the United States, their attorney obtained additional continuances so that their asylum application could be first considered by United States Citizenship and Immigration Services (USCIS). *See Harmon v. Holder*, 758 F.3d 728, 734 (6th Cir. 2014) (observing that under the Immigration and Nationality Act, "unaccompanied alien children [have] the right to have their asylum applications reviewed in the first instance by an asylum officer with the USCIS"). The USCIS, however, determined Petitioners were ineligible for asylum and returned their applications to the immigration court. R. at 344, 476.

---

[1] The immigration judge and the BIA listed the surnames for Petitioners as "Ayala-Casco." Their attorney filed this petition for review using the surnames "Casco Ayala," which is consistent with the documentation submitted by Petitioners. We therefore use "Casco Ayala" in this opinion.

The immigration court then scheduled a hearing in March 2018 on Petitioners' asylum applications. Two weeks before the hearing, Petitioners' attorney moved to withdraw. At the hearing the immigration judge confirmed Petitioners no longer wanted their attorney to represent them. R. at 240. In response to Petitioners' request for additional time to find new counsel, the immigration judge inquired what evidence they intended to submit in support of their applications. Petitioners said they would explain what happened to them in Honduras but would submit no other evidence beyond what was in the declarations they had already submitted. Accordingly, the immigration judge denied Petitioners' request for a continuance and proceeded with the hearing. R. at 247-48.

The immigration judge denied Petitioners' applications, finding they had not established that the harm Petitioners feared in Honduras was "on account of" one of the five statutorily protected grounds. *See* 8 U.S.C. § 1101(a)(42)(A). Petitioners appealed, arguing their counsel was constitutionally ineffective and that the immigration judge violated their due process rights in denying a continuance to allow them to secure new counsel. The BIA dismissed the appeal, and this court denied Petitioners' subsequent petition for review as untimely.

In February 2020, Petitioners filed with the BIA a "Motion to Reopen and Remand and Stay of Deportation." R. at 36. The motion sought two forms of relief: (1) reconsideration of the BIA's previous decision, and (2) a reopening of the case to allow another hearing based on new evidence that Petitioners were eligible for additional forms of relief from removal. The BIA denied reconsideration, re-

affirming its initial decision "that the respondents have not met their burden to show a reasonable likelihood that the outcome of their proceedings would have been different but for counsel's performance or the Immigration Judge's denial of their continuance request." R. at 8. In addition, the BIA denied Petitioners' motion to reopen, ruling that Petitioners had failed to present sufficient evidence establishing their eligibility for additional relief from removal. Petitioners filed a timely petition for review with this court.

## II. DISCUSSION

### A. Standard of Review

We review the denial of motions to reopen or reconsider for an abuse of discretion. *Mena-Flores v. Holder*, 776 F.3d 1152, 1169 (10th Cir. 2015); 8 C.F.R. § 1003.2(a). Thus, we will only reverse the BIA if it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (internal quotation marks omitted).

### B. Motion to Reconsider

Petitioners contend the BIA erred in denying the motion to reconsider. They allege a violation of their due process rights based on ineffective assistance of counsel and the immigration judge's denial of a continuance to obtain new counsel. Petitioners must establish they were prejudiced as a result. *Molina v. Holder*, 763 F.3d 1259, 1263 (10th Cir. 2014). To establish prejudice, an alien must show a

4

"reasonable likelihood" that the outcome would have been different but for the attorney's deficient performance. *Id.* (internal quotation marks omitted).

The BIA held that Petitioners failed to establish prejudice, and we agree. The BIA found that Petitioners had not presented any meaningful argument that they were prejudiced. In their petition for review, they argue that if the immigration judge had allowed them a continuance, "there was a chance they could have prevailed." Opening Br. at 16. To establish prejudice, however, Petitioners must show a "reasonable likelihood," not merely a chance, that the outcome would have been different. Elsewhere in their Opening Brief, Petitioners argue that the assistance of counsel "would have likely changed the outcome in this case," *id.* at 15, but they do not elaborate as to why, nor do they identify any evidentiary support for that assertion.

Petitioners also argue the prejudice requirement should not apply here. They cite a concurrence in a First Circuit opinion collecting cases that do not require a showing of prejudice in this context. *Hernandez Lara v. Barr*, 962 F.3d 45, 59-60 (1st Cir. 2020) (Lipez, J., concurring). The government correctly notes, however, that Petitioners did not raise this argument before the agency and therefore failed to exhaust. *See* 8 U.S.C. § 1252(d)(1). Where an argument is unexhausted, we lack jurisdiction to address it.[2] *Molina*, 763 F.3d at 1262-63.

---

[2] Even if we did have jurisdiction to address it, however, we have long required petitioners to demonstrate prejudice in connection with ineffective assistance claims and due process claims. *See, e.g.*, *Molina*, 763 F.3d at 1263 (applying prejudice requirement to ineffective assistance claim); *Michelson v. INS*,

In sum, we hold the BIA did not abuse its discretion in denying Petitioners' motion to reconsider.

### C. Motion to Reopen

Petitioners argue the BIA erred in denying their motion to reopen their case. The BIA has broad discretion to grant or deny motions to reopen. *See* 8 C.F.R. § 1003.2(a); *Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1110 (10th Cir. 2012). Indeed, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Petitioners' motion to reopen was premised on two alleged new developments. First, Fernando Casco Ayala married a U.S. citizen on December 10, 2019, and he asserted his wife had filed on his behalf an I-130 Petition for Alien Relative. In support, Petitioners submitted a marriage certificate and the first page of a residential lease signed by Fernando and his wife. The BIA held these items did not constitute "clear and convincing evidence indicating a strong likelihood that [his] marriage is bona fide." R. at 9; *see also Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003) ("[A]n applicant must offer evidence that is probative of the motivation for marriage, not just the bare fact of getting married."); 8 C.F.R. § 204.2(a)(1)(iii) (discussing petitioner's burden in overcoming the regulatory presumption that alien entered into intra-proceeding marriage for the purpose of evading the immigration laws).

---

897 F.2d 465, 468 (10th Cir. 1990) (same); *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) ("To prevail on a [procedural] due process claim, an alien must establish not only error, but prejudice.").

Petitioners do not present any meaningful challenge to the BIA's conclusion, and we hold it was not an abuse of discretion.[3]

Second, Petitioners contend the BIA should have reopened their case based on a yet-to-be-filed U-Visa application. "The U-Visa classification covers eligible aliens who are victims of serious crime and who cooperate with law enforcement." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 362 (4th Cir. 2021). Here, Petitioners' sister was raped by their mother's cousin. Petitioners' parents therefore planned to file a U-Visa application on that basis, and Petitioners alleged they would be listed as beneficiaries. In their Opening Brief, however, Petitioners conceded that no such application had yet been filed. And although Petitioners argue the Board ignored evidence regarding threats made against them relating to the underlying crime, they do not allege having met the other requirements necessary to support a U-Visa application. *See* 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14(c). Accordingly, Petitioners have failed to demonstrate an abuse of discretion.

---

[3] Petitioners submitted with their Opening Brief a copy of a birth certificate purporting to show Fernando's wife gave birth to a son on March 11, 2020. *See* Opening Br. Addendum at 24. We may not, however, consider such evidence because our review is limited to the administrative record on which the order of removal is based. 8 U.S.C. § 1252(b)(4)(A). We further note that their son was born three months before the BIA ruled on their motion to reopen.

### III.  CONCLUSION

We uphold the BIA's denial of Petitioners' motion to reconsider or reopen.

The petition is denied.

Entered for the Court


Nancy L. Moritz
Circuit Judge