**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 22, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

GERARDO H. MUNOZ-MORALES,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 21-9539
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Gerardo H. Muñoz-Morales[1] petitions for review of a decision by the Board of

Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ)

denial of his application for cancellation of removal. We dismiss in part and deny in

part his petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although the Petitioner's second last name is sometimes spelled "Moralez" in
the record, we use "Morales" in this order and judgment, consistent with the vast
majority of his filings and other documents in the record.

## I.    Background

Muñoz-Morales is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident in May 1989.  In August 2020, the Department of Homeland Security issued a Notice to Appear alleging he was removable as an alien convicted of two or more offenses for which the aggregate sentences to confinement were five years or more.  After admitting the allegations and conceding he was removable as charged, Muñoz-Morales filed an application for cancellation of removal under 8 U.S.C. § 1229b(a).

### A.    The IJ's Decision

After a hearing at which Muñoz-Morales testified, the IJ denied his application for cancellation of removal.  The IJ found that he satisfied the statutory requirements under § 1229b(a)(1)-(3).  But after reviewing the record as a whole and weighing Muñoz-Morales's positive and negative factors, the IJ denied relief as a matter of discretion.

The IJ noted the following positive factors in Muñoz-Morales's case:  his long residency in the United States; his family ties in the United States, including his three United-States-citizen adult children; his ownership of property in the United States; his employment history and his employer's favorable comments about his work; his payment of income taxes; his religious practice; and his value and service to his community.  The IJ took note of Muñoz-Morales's and his daughter's testimony, as well as letters from his daughter, one of his sons, and friends and neighbors.

On the negative side of the scale, the IJ described Muñoz-Morales's criminal history, including five arrests for driving under the influence of alcohol (DUI), which resulted in four DUI convictions in 2006, 2009, 2010, and 2017.[2] In addition, Muñoz-Morales had been apprehended by the Border Patrol in 2004 for transporting illegal aliens, although he was not charged with any crime. In 2005, he was convicted of criminal mischief related to an altercation with his then-wife. In response to a question from the IJ, Muñoz-Morales acknowledged that he had driven while intoxicated on more occasions than the five times that resulted in arrests. He estimated he had done so on thirty occasions while living in the United States. Pointing to that admission, his multiple DUI arrests during an eleven-year period, and the minimal evidence he provided regarding completion of rehabilitation programs, the IJ found that the evidence did not demonstrate that Muñoz-Morales had been genuinely rehabilitated.

The IJ ultimately found that Muñoz-Morales's positive equities were not so significant as to counterbalance his serious and dangerous criminal conduct, and therefore concluded he failed to show that he warranted a favorable exercise of discretion.

## B.     The BIA's Decision

The BIA affirmed the IJ's decision and dismissed Muñoz-Morales's appeal. It expressly stated that it considered the totality of his positive equities and

---

[2] Muñoz-Morales's first DUI arrest in 2001 resulted in pretrial diversion rather than a conviction.

humanitarian factors present in the case. The BIA pointed to his long residence in this country, his three adult children in the United States, his employment history and filing of tax returns, and his religious participation. The BIA also "recognize[d] that, as a result of his disability,[3] his age, and other factors, it will be particularly difficult for him to return to Mexico and re-establish himself in that country," stating that "[t]here can be little dispute that his removal will result in a significant level of hardship to himself and his family." R. at 3.

But the BIA said it could not ignore his criminal history, including his multiple DUI convictions, which "are serious adverse factors." *Id.* at 4 (citing the Attorney General's decision in *Matter of Castillo-Perez*, 27 I. & N. Dec. 664, 670 (A.G. 2019) (stating that "an alien with multiple DUI convictions would likely be denied cancellation of removal as a purely discretionary matter" because "[m]ultiple DUI convictions are a serious blemish on a person's record and reflect disregard for the safety of others and for the law")). The BIA also noted Muñoz-Morales's candid admission he had driven while intoxicated on approximately thirty occasions. While it recognized that rehabilitation is not a requirement for relief, the BIA was "not persuaded that he is rehabilitated." *Id.* It acknowledged and considered Muñoz-Morales's "claims that, since March 2017, he has abstained from driving under the influence of alcohol, completed court-ordered courses, and attended

---

[3] Muñoz-Morales testified that he is disabled because he is missing two fingers on his left hand. *See* R. at 148. He further testified that he also has no right hand. *See id.* at 149.

Alcoholics Anonymous meetings," and his presentation of letters of support attesting to his rehabilitation. *Id.* But the BIA determined that, "[w]hile his efforts to rehabilitate himself during the past few years are laudable, they do not overcome his extensive decade-long history of drunk driving." *Id.*

"[U]pon consideration of the totality of the record and a balancing of the appropriate factors present in [Muñoz-Morales's] case," the BIA held that the IJ "properly denied [his] application for cancellation of removal as a matter of discretion . . . based upon the evidence and testimony." *Id.* It determined that, "[e]ven considering [his] recent rehabilitation efforts, the positive equities and humanitarian factors remain significantly offset by his serious criminal history." *Id.*

## II.    Discussion

The Attorney General may cancel the removal of a noncitizen permanent resident who establishes that he "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). In addition to these statutory requirements, the noncitizen must also demonstrate that he warrants a favorable exercise of discretion. *See Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022) ("Because relief from removal is always a matter of grace, even an eligible noncitizen must persuade the immigration judge that he merits a favorable exercise of discretion." (internal quotation marks omitted)). The BIA affirmed the IJ's denial of Muñoz-Morales's application for cancellation of removal as a matter of discretion.

### A.     Jurisdictional Limitations

The government argues this court lacks jurisdiction over all of the issues raised in Muñoz-Morales's petition for review.  Our jurisdiction depends on whether he raises a constitutional claim or a question of law and whether he exhausted those issues before the BIA.

### 1.     Cancellation of Removal

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b."  This provision denies us jurisdiction to review the discretionary aspects of a BIA decision concerning cancellation of removal, including any underlying factual determinations.  *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020).  But under another provision, we retain jurisdiction to review constitutional claims and questions of law regarding cancellation of removal.  *See id.* at 1182; *see also* § 1252(a)(2)(B)(i) (precluding judicial review "except as provided in subparagraph (D)"); § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").  We therefore lack jurisdiction in this case unless Muñoz-Morales raises a constitutional claim or a question of law.

### 2.     Failure to Exhaust

We also lack jurisdiction to review issues that Muñoz-Morales did not exhaust before the BIA.  We can review a final order of removal only if "the alien has

6

exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Available administrative remedies include motions to reconsider or reopen filed with the BIA. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (concluding that challenges to "the BIA's allegedly de novo [fact]finding" were unexhausted because they "should have been brought before the BIA in the first instance through a motion to reconsider or reopen"). The exhaustion requirement is jurisdictional. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999).

The exhaustion rule "give[s] the agency the opportunity to correct its own errors." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). Therefore, "[i]t is not enough to go through the procedural motions of a BIA appeal, or to make general statements in the notice of appeal to the BIA, or to level broad assertions in a filing before the Board." *Id.* (internal quotation marks omitted). Rather, "[t]o satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Id.* Thus, Muñoz-Morales "may not add new theories seriatim as the litigation progresses from the agency into the courts." *Id.* at 1238.

We will address our jurisdiction as to each of the issues Muñoz-Morales asserts in his petition for review.

## B.    Issues Raised in Petition for Review

Muñoz-Morales characterizes all of the issues he raises as constitutional claims or questions of law. But "arguing that the evidence was incorrectly weighed,

7

insufficiently considered, or supports a different outcome" does not raise a constitutional claim or question of law. *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007). And a contention that the agency failed to explicitly consider certain evidence is properly viewed as a substantial-evidence argument, rather than a constitutional claim. *See Alzainati v. Holder*, 568 F.3d 844, 851-52 (10th Cir. 2009). Consequently, however characterized, we lack jurisdiction to review Muñoz-Morelos's challenges to the evidentiary support for the agency's factual findings and the BIA's weighing of the evidence, as well as his arguments that the BIA failed to consider certain evidence.

Muñoz-Morales nonetheless purports to raise the following issues: the BIA erred by (1) reviewing the IJ's factual findings de novo, (2) departing from its own precedential decisions in exercising its discretion, and (3) failing to provide adequate reasoning for its conclusion that the positive factors in his case did not outweigh his serious criminal history. He also argues his detention during removal proceedings deprived him of due process because he did not have a full and fair opportunity to gather evidence regarding his rehabilitation.

## 1.    Incorrect Standard of Review

Muñoz-Morales first argues that the BIA erred by reviewing the IJ's factual findings de novo, in contravention of 8 C.F.R. § 1003.1(d)(3)(i). Ordinarily, pursuant to § 1252(a)(2)(D), "we have jurisdiction over a claim that the Board applied the incorrect standard of review to an IJ's factual determinations." *Galeano-Romero*, 968 F.3d at 1184. But we lack jurisdiction to review the issue in

8

this case because Muñoz-Morales did not exhaust it by raising it in a motion to reconsider or reopen filed with the BIA. *See Sidabutar*, 503 F.3d at 1122.

### 2.    Misapplication of BIA Authority

Muñoz-Morales argues the BIA departed from its own precedential decisions in exercising its discretion. We may review as a question of law whether the BIA departed from its own adopted legal standards. *See Galeano-Romero*, 968 F.3d at 1184. We review such a contention de novo. *See Alzainati*, 568 F.3d at 851. But Muñoz-Morales exhausted only one of his contentions.

Muñoz-Morales argued in his BIA appeal that the IJ erred by failing to properly apply the BIA's balancing test in concluding that he did not merit a favorable exercise of discretion. R. at 18-19. This was so, he argued, because the positive factors in his case far outweighed the negatives. *Id.* at 20. Muñoz-Morales did not argue—as he does now—that BIA precedent precluded the agency's reliance on his admission that he drove while intoxicated on 30 occasions, or that the evidence failed to demonstrate his lack of good moral character under the standards in *Matter of Castillo-Perez*. Because he did not raise these contentions in his BIA appeal or in a motion to reconsider or reopen, we lack jurisdiction to review them.

Muñoz-Morales did argue in his BIA appeal that, under the BIA's precedent, rehabilitation is not a prerequisite to a favorable exercise of discretion. *See* R. at 23 (citing *Matter of Edwards*, 20 I. & N. Dec. 191, 196 (B.I.A. 1990) (holding rehabilitation is "a factor to be considered in the exercise of discretion" but is not "an absolute prerequisite to a favorable exercise of discretion in every case involving an

alien with a criminal record")).  But this claim fails because he does not demonstrate that the BIA departed from this standard.  The BIA explicitly recognized that rehabilitation is not required.  *See* R. at 4.  It then found that "[e]ven considering [Muñoz-Morales's] recent rehabilitation efforts, the positive equities and humanitarian factors remain significantly offset by his serious criminal history."  *Id.* We lack jurisdiction to review Muñoz-Morales's ultimate contention that the BIA should have assigned more weight to his positive factors.  *See Kechkar*, 500 F.3d at 1084.

### 3.     Inadequate Reasoning

Muñoz-Morales argues the BIA's decision "failed to include sufficient [rationale] supporting the conclusion that adverse factors of the case outweighed the positive equities, or why the positive equities were not enough to outweigh any adverse factor on the record."  Pet'r's Br. at 26.  He contends the BIA's decision is so lacking in analysis that it amounts to an abuse of discretion.  *See, e.g.*, *Maatougui v. Holder*, 738 F.3d 1230, 1242-43 (10th Cir. 2013) (holding the BIA does not abuse its discretion if its decision is sufficient for meaningful appellate review).  But Muñoz-Morales does not explain how this contention raises either a constitutional claim or a question of law subject to our jurisdiction.  We need not decide that issue because we lack jurisdiction for a separate reason:  Muñoz-Morales failed to exhaust this issue in a motion to reconsider or reopen filed with the BIA.

### 4. Due Process

Finally, Muñoz-Morales contends he was deprived of his right to due process because his detention prevented him from having a full and fair opportunity to gather evidence regarding his rehabilitation. Such a claim is reviewable under § 1252(a)(2)(D). *See Abiodun v. Gonzales*, 461 F.3d 1210, 1217 (10th Cir. 2006) (distinguishing the petitioner's detention-based due process claim from a reviewable "claim that his detention prevented him from obtaining favorable evidence for the proceedings").

Muñoz-Morales asserts that he raised this due process claim in his BIA appeal, but the BIA failed to rule on it. He argued in his appeal that his testimony and a completion certificate from a rehabilitation program clearly established his rehabilitation. R. at 21-22. He then added:

> Respondent was detained through the proceedings; he relied on others to put his packet together. If he had been out of detention, he would have had more time and ability to gather more complete evidence. Given the realities of his detention, the Immigration Judge should not have been so quick to dismiss his Certificate of Completion as insufficient.

*Id.* at 22. Muñoz-Morales did not explicitly assert a due process claim in his BIA appeal, nor does the BIA appear to have recognized that he did so. But giving him the benefit of the doubt as to exhaustion, we hold that his due process claim fails on the merits.

A noncitizen "in removal proceedings is entitled only to . . . procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Alzainati*, 568 F.3d at 851 (internal quotation marks omitted).

11

"To prevail on a due process claim, an alien must establish not only error, but prejudice." *Id.* We review due process claims de novo. *See Witjaksono v. Holder*, 573 F.3d 968, 973-74 (10th Cir. 2009). Muñoz-Morales fails to demonstrate prejudice by showing a reasonable likelihood that the outcome of his removal proceeding would have been different but for his detention. *See Molina v. Holder*, 763 F.3d 1259, 1263 (10th Cir. 2014).

The IJ gave Muñoz-Morales twenty-six days to submit all of his evidence supporting his application for cancellation of removal, including detailed affidavits from himself and all other witnesses. *See* R. at 173. Muñoz-Morales submitted seventy-five pages of evidence, including one completion certificate from a rehabilitation program, *id.* at 286. He also submitted letters from family members and others addressing their knowledge of his rehabilitation efforts. In his own affidavit, he stated that he had stopped drinking in 2017 but he did not mention any rehabilitation programming. *Id.* at 214. Muñoz-Morales's counsel did not request a continuance from the IJ to collect more evidence regarding his rehabilitation—based upon his detention or otherwise. Nor did Muñoz-Morales testify that he had additional documentation to offer regarding his rehabilitation efforts. In sum, Muñoz-Morales has never indicated—before the IJ, the BIA, or this court—what additional evidence he could have submitted were he not detained. He therefore fails to demonstrate that he suffered any prejudice as a result of his detention.

III.    **Conclusion**

We dismiss Muñoz-Morales's petition for review to the extent we lack jurisdiction to consider the issues he raises.  We otherwise deny his petition for review.

Entered for the Court

Gregory A. Phillips
Circuit Judge